## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

TREZA EDWARDS,

              Plaintiff,

v.

CITY OF AUGUSTA-RICHMOND
COUNTY, GEORGIA,

              Defendant.

Civil Action File No.

_____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Treza Edwards ("Edwards" or "Plaintiff") files this Complaint against her employer, Defendant City of Augusta-Richmond County, Georgia ("Augusta" or "Defendant"), as follows:

### Statement of Claims, Parties, Jurisdiction, and Venue

1.

This is a gender discrimination action based on the unequal pay practices of Defendant that discriminate on the basis of gender in violation of the Equal Pay Act, 29 U.S.C. § 206 ("EPA"). Plaintiff also intends to assert claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII") upon

receiving a Right to Sue notice from the Equal Employment Opportunity Commission ("EEOC") on her Title VII claims.

2.

The City of Augusta and Richmond County governments were consolidated by local legislation in 1995.  References to the "Augusta" will encompass both the City of Augusta and Richmond County. The consolidated government of City of Augusta-Richmond County, Georgia ("Augusta"), is the employer of the Plaintiff and service of process may be affected through Wayne Brown, Esq., Augusta-Richmond County Law Department, 535 Telfair Street, Building 3000, Augusta, Georgia 30901.

3.

Augusta is an employer within the meaning of 29 U.S.C. § 203 and 42 U.S.C. § 2000e(b) in it employs more than twenty (20) employees and is subject to the EPA and Title VII.

4.

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this matter involves federal questions arising under the EPA and Title VII.  This court also has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4) and 42 U.S.C. § 2000e-5.

5.

Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because the acts, events, and occurrences giving rise to the asserted claims took place within this judicial district and division.

## **Administrative Remedies**

6.

On February 20, 2020, Ms. Edwards timely filed a Charge of Discrimination ("Charge") alleging sex discrimination with the United States Equal Employment Opportunity Commission ("EEOC") in violation of the EPA and Title VII and amended her Charge on March 5, 2020.

7.

A Right to Sue notice was initially issued on March 5, 2020, but the EEOC issued a Revocation of the Right to Sue on March 26, 2020. Ms. Edwards intends to amend her Complaint to add an additional count under Title VII once the Right to Sue letter is issued if the EEOC chooses not to act on the Charge itself.

8.

The EPA does not require exhaustion of administrative remedies

**Factual Background**

9.

Ms. Edwards, an African American female, was hired as the Director of Compliance ("Director") by Augusta on April 22, 2019.

10.

Ms. Edwards possesses a Juris Doctor degree that is relevant to her employment.

11.

As Director, Ms. Edwards is responsible for overseeing Augusta's Equal Employment Opportunity ("EEO") office, the Americans with Disabilities ("ADA") office, and the Disadvantaged Business Enterprise ("DBE") and Local Small Business Opportunity Program ("LSBOP") office.

12.

The Director is one (1) of four (4) positions, including the General Counsel, Administrator, and Clerk, that report directly to the governing Commission for Augusta.

13.

Augusta utilizes a Senior Executive Service ("SES") classification system to classify SES employees. The positions of Director of Compliance, General Counsel, Administrator, and Clerk are all classified in the same SES tier—SES IV.

14.

Ms. Edwards is responsible for compiling mandatory data to provide to the EEOC.

15.

In compiling required data for submission to the EEOC, Ms. Edwards discovered that she and the Clerk, who is also female, are paid substantially less than their male SES IV counterparts holding the position of General Counsel and Administrator.

16.

The General Counsel is male and is paid an annual salary of approximately $171,000.

17.

The Administrator is male and is paid an annual salary of approximately $142,404.50, even though he is serving in an interim capacity.

18.

Ms. Edwards is paid an annual salary of approximately $110,000.

19.

The Clerk, who has been employed by Augusta since 1973, is paid an annual salary of approximately $116,000.

20.

In addition to the pay discrepancies among her SES IV counterparts, Ms. Edwards discovered that lower-tiered SES male employees are paid substantially more than her.

21.

The male Utilities Director is paid an annual salary of approximately $140,302.17.

22.

The male Engineering Director is paid an annual salary of approximately $144,231.50.

23.

The Utilities Director and the Engineering Director are classified in the SES II tier, two (2) tiers below Ms. Edwards.

24.

Two (2) male SES III Deputy Administrators, one (1) level below Ms. Edwards's SES IV tier, are paid substantially more than Ms. Edwards, earning salaries of approximately $144,130 and $131.051.20 per annum.

25.

The male Chief Tax Assessor for Augusta is not even classified as an SES employee, but he is paid an annual salary of $137,025, which is substantially more than Ms. Edwards who is classified in the highest SES tier.

26.

Ms. Edwards also discovered that there was unequal pay among male and female employees within the SES II tier.

27.

The female Procurement Director is paid an annual salary of approximately $118,743.63 and the female Finance Director is paid an annual salary of approximately $119,584.42.

28.

The Procurement Director and Finance Director are both classified in the SES II tier, but the female incumbents make substantially less than their male SES

II counterparts who hold the positions of the Utilities Director and the Engineering Director.

29.

Ms. Edwards Director position requires equal skill, effort, and responsibility as that of her male counterparts in the SES IV tier.

30.

Ms. Edwards Director position requires equal or more skill, effort, and responsibility than the lower-tiered SES male employees who are paid more than Ms. Edwards.

31.

The unequal pay practices by Augusta based on gender.

## Count I: Unequal Pay Discrimination on the Basis of Sex in Violation of the Equal Pay Act, 29 U.S.C. § 206(d)

32.

Plaintiff incorporates by reference paragraphs 1 through 31 as if fully restated herein.

33.

Under 29 U.S.C. § 206(d), it is unlawful to discriminate in the payment or establishment of wages on the basis of sex between employees performing equal work that requires equal skill, effort, and responsibility.

34.

As Director, Ms. Edwards performs work of equal skill, effort, and responsibility as that of the General Counsel and Administrator.

35.

Ms. Edwards is paid at least $32,404.50 less than the interim male Administrator, and at least $61,000 less than the male General Counsel.

36.

Ms. Edwards is paid at least $34,231.50 less than the male Engineering Director and $30,302.17 less than the male Utilities Director, who are both ranked two (2) tiers below Ms. Edwards SES classification.

37.

Augusta has refused to correct its discriminatory pay practices, which were willful and intentional unlawful conduct that evidence a reckless indifference to Ms. Edwards's rights under the EPA, 29 U.S.C. § 206(d).

38.

As a direct result of Defendant's unlawful conduct, Ms. Edwards has suffered damages including, without limitation, lost income and benefits, lost opportunities for advancement, and she has incurred costs and attorneys' fees.

39.

Pursuant to the EPA, Ms. Edwards is entitled to damages including back pay and lost benefits, liquidated damages, and prospective injunctive relief to ensure she receives pay equal to her male counterparts. Augusta is also liable for Ms. Edwards' attorneys' fees and costs of litigation.

## Count II:  Liquidated Damages

40.

Plaintiff incorporates by reference paragraphs 1 through 39 as if fully restated herein.

41.

Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in an amount double the back wages.

## NOTICE OF INTENTION TO AMEND COMPLAINT TO ASSERT AN ADDITIONAL CAUSE OF ACTION

42.

Plaintiff incorporates by reference paragraphs 1 through 41 as if fully restated herein.

43.

At such time as the EEOC issues the Right to Sue, Ms. Edwards will supplement this Complaint with her claims under Title VII.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully demands the following:

a)  That process issue and the Defendant be served according to law;

b)  That Defendant be found to have willfully and intentionally violated the Equal Pay Act;

c)  That judgment be entered in favor of Plaintiff and that Plaintiff be awarded back pay in an amount to be proven at trial;

d)  That liquidated damages be awarded to Plaintiff in accordance with the Equal Pay Act and Fair Labor Standards Act;

e)  That upon amendment and supplementation of her Complaint, Plaintiff be awarded economic damages for her lost wages and lost retirement contributions and compensatory damages in the amount of the statutory cap of $300,000 under Title VII for the mental and emotional distress she has suffered due to Augusta's unlawful and discriminatory acts;

f) That Plaintiff be awarded pre- and post-judgment interest at the maximum rates allowable by law;

g) That Plaintiff be awarded her attorneys' fees and expenses of litigation under the fee-shifting provisions of the EPA and Title VII; and

h) Such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury for all issues so triable.

Respectfully submitted this 15th day of April 2020.

*/s/ A. Lee Parks, Jr.*
**A. Lee Parks, Jr.**
Georgia Bar No. 563750
Email: lparks@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, Suite 2600
Atlanta, GA 30309
Telephone: 404-873-8000
Fax: 404-873-8050

*Counsel for Plaintiff*