# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| TREZA EDWARDS,<br><br>   Plaintiff,<br><br>v.<br><br>AUGUSTA, GEORGIA,<br><br>   Defendant. | Civil Action File No.<br><br>1:20-cv-00055<br><br>**JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

Plaintiff Treza Edwards ("Edwards" or "Plaintiff") files this Amended Complaint against her employer, Defendant Augusta, Georgia ("Augusta" or "Defendant"),[1] as follows:

### Statement of Claims, Parties, Jurisdiction, and Venue

1.

This is a gender discrimination action based on the unequal pay practices of Defendant that discriminate on the basis of gender in violation of the Equal Pay Act, 29 U.S.C. § 206 ("EPA"). Plaintiff also asserts a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII").

---

[1] Defendant was previously identified as City of Augusta-Richmond County, Georgia. Defendant's Initial Disclosures clarified that the proper title for Defendant is Augusta, Georgia.

2.

The City of Augusta and Richmond County governments were consolidated by local legislation in 1995. References to the "Augusta" will encompass both the City of Augusta and Richmond County. The consolidated government of Augusta, Georgia ("Augusta"), is the employer of the Plaintiff and service of process may be affected through Wayne Brown, Esq., Augusta-Richmond County Law Department, 535 Telfair Street, Building 3000, Augusta, Georgia 30901.

3.

Augusta is an employer within the meaning of 29 U.S.C. § 203 and 42 U.S.C. § 2000e(b) in it employs more than twenty (20) employees and is subject to the EPA and Title VII.

4.

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this matter involves federal questions arising under the EPA and Title VII. This court also has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4) and 42 U.S.C. § 2000e-5.

5.

Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because the acts, events, and occurrences giving rise to the asserted claims took place within this judicial district and division.

**<u>Administrative Remedies</u>**

6.

On February 20, 2020, Ms. Edwards timely filed a Charge of Discrimination ("Charge") alleging sex discrimination with the United States Equal Employment Opportunity Commission ("EEOC") in violation of the EPA and Title VII and amended her Charge on March 5, 2020.

7.

A Right to Sue notice was issued on September 1, 2020, and Plaintiff timely files this Amended Complaint to incorporate her Title VII claim pursuant to the Court's August 10, 2020 Scheduling Order.

8.

The EPA does not require exhaustion of administrative remedies.

## Factual Background

9.

Ms. Edwards, an African American female, was hired as the Director of Compliance ("Director") by Augusta on April 22, 2019.

10.

Ms. Edwards possesses a Juris Doctor degree that is relevant to her employment.

11.

As Director, Ms. Edwards is responsible for overseeing Augusta's Equal Employment Opportunity ("EEO") office, the Americans with Disabilities ("ADA") office, and the Disadvantaged Business Enterprise ("DBE") and Local Small Business Opportunity Program ("LSBOP") office.

12.

The Director is one (1) of four (4) positions, including the General Counsel, Administrator, and Clerk, that report directly to the governing Commission for Augusta.

13.

Augusta utilizes a Senior Executive Service ("SES") classification system to classify SES employees. The positions of Director of Compliance, General Counsel, Administrator, and Clerk are all classified in the same SES tier—SES IV.

14.

Ms. Edwards is responsible for compiling mandatory data to provide to the EEOC.

15.

In compiling required data for submission to the EEOC, Ms. Edwards discovered that she and the Clerk, who is also female, are paid substantially less than their male SES IV counterparts holding the position of General Counsel and Administrator.

16.

The General Counsel is male and is paid an annual salary of approximately $171,000.

17.

The Administrator is male and is paid an annual salary of approximately $142,404.50, even though he is serving in an interim capacity.

18.

Ms. Edwards is paid an annual salary of approximately $110,000.

19.

The Clerk, who has been employed by Augusta since 1973, is paid an annual salary of approximately $116,000.

20.

In addition to the pay discrepancies among her SES IV counterparts, Ms. Edwards discovered that lower-tiered SES male employees are paid substantially more than her.

21.

The male Utilities Director is paid an annual salary of approximately $140,302.17.

22.

The male Engineering Director is paid an annual salary of approximately $144,231.50.

23.

The Utilities Director and the Engineering Director are classified in the SES II tier, two (2) tiers below Ms. Edwards.

24.

Two (2) male SES III Deputy Administrators, one (1) level below Ms. Edwards's SES IV tier, are paid substantially more than Ms. Edwards, earning salaries of approximately $144,130 and $131.051.20 per annum.

25.

The male Chief Tax Assessor for Augusta is not even classified as an SES employee, but he is paid an annual salary of $137,025, which is substantially more than Ms. Edwards who is classified in the highest SES tier.

26.

Ms. Edwards also discovered that there was unequal pay among male and female employees within the SES II tier.

27.

The female Procurement Director is paid an annual salary of approximately $118,743.63 and the female Finance Director is paid an annual salary of approximately $119,584.42.

28.

The Procurement Director and Finance Director are both classified in the SES II tier, but the female incumbents make substantially less than their male SES

II counterparts who hold the positions of the Utilities Director and the Engineering Director.

29.

Ms. Edwards Director position requires equal skill, effort, and responsibility as that of her male counterparts in the SES IV tier.

30.

Ms. Edwards Director position requires equal or more skill, effort, and responsibility than the lower-tiered SES male employees who are paid more than Ms. Edwards.

31.

The unequal pay practices by Augusta based on gender.

**Count I: Unequal Pay Discrimination on the Basis of Sex in Violation of the Equal Pay Act, 29 U.S.C. § 206(d)**

32.

Plaintiff incorporates by reference paragraphs 1 through 31 as if fully restated herein.

33.

Under 29 U.S.C. § 206(d), it is unlawful to discriminate in the payment or establishment of wages on the basis of sex between employees performing equal work that requires equal skill, effort, and responsibility.

34.

As Director, Ms. Edwards performs work of equal skill, effort, and responsibility as that of the General Counsel and Administrator and lesser-ranked SES male employees.

35.

Ms. Edwards is paid at least $32,404.50 less than the interim male Administrator, and at least $61,000 less than the male General Counsel.

36.

Ms. Edwards is paid at least $34,231.50 less than the male Engineering Director and $30,302.17 less than the male Utilities Director, who are both ranked two (2) tiers below Ms. Edwards SES classification.

37.

Augusta has refused to correct its discriminatory pay practices, which were willful and intentional unlawful conduct that evidence a reckless indifference to Ms. Edwards's rights under the EPA, 29 U.S.C. § 206(d).

38.

As a direct result of Defendant's unlawful conduct, Ms. Edwards has suffered damages including, without limitation, lost income and benefits, lost opportunities for advancement, and she has incurred costs and attorneys' fees.

39.

Pursuant to the EPA, Ms. Edwards is entitled to damages including back pay and lost benefits, liquidated damages, and prospective injunctive relief to ensure she receives pay equal to her male counterparts and lesser-ranked SES male employees. Augusta is also liable for Ms. Edwards' attorneys' fees and costs of litigation.

### Count II: Liquidated Damages

40.

Plaintiff incorporates by reference paragraphs 1 through 39 as if fully restated herein.

41.

Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in an amount double the back wages.

### Count III: Sex Discrimination in Violation of Title VII

42.

Plaintiff incorporates by reference paragraphs 1 through 41 as if fully restated herein.

43.

Augusta is Ms. Edwards's employer as defined under Title VII.

44.

While employed by Augusta, Ms. Edwards was subjected to, and continues to be subjected to, discrimination on the bases of her sex, female, in violation of Title VII.

45.

At all times relevant to this action, Ms. Edwards performed work equal to that of her male counterparts and male employees at a lower ranking than Ms. Edwards.

46.

Nonetheless, Augusta compensated Ms. Edwards in excess of $30,000 less than her male counterparts and lower-level SES male employees.

47.

It is a violation of Title VII to pay a female less than a male to perform the same or substantially similar jobs.

48.

Augusta's violations of Title VII were knowing, willful, and intentional.

49.

At the time of the discriminatory pay complained of in this Complaint, Augusta knew or should have known that its actions constituted violations of Title VII.

50.

At a minimum, Augusta's actions in paying Ms. Edwards less than male counterparts and lower-level SES male employees were reckless.

51.

As a direct and proximate result of Augusta's actions, Ms. Edwards has been denied equal pay as that given to male employees of equal or lesser rank.

52.

Therefore, Ms. Edwards is entitled to economic and compensatory for Augusta's willful violation of Title VII, plus her attorneys' fees and costs.

## **Prayer for Relief**

WHEREFORE, Plaintiff respectfully demands the following:

a) That process issue and the Defendant be served according to law;

b) That Defendant be found to have willfully and intentionally violated the Equal Pay Act;

c) That judgment be entered in favor of Plaintiff and that Plaintiff be awarded back pay in an amount to be proven at trial;

d) That liquidated damages be awarded to Plaintiff in accordance with the Equal Pay Act and Fair Labor Standards Act;

e) That Plaintiff be awarded economic damages for her lost wages and lost retirement contributions and compensatory damages in the amount of the statutory cap of $300,000 under Title VII for the mental and emotional distress she has suffered due to Augusta's unlawful and discriminatory acts;

f) That Plaintiff be awarded pre- and post-judgment interest at the maximum rates allowable by law;

g) That Plaintiff be awarded her attorneys' fees and expenses of litigation under the fee-shifting provisions of the EPA and Title VII; and

h) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury for all issues so triable.

Respectfully submitted this ___ day of _____, 2020.

/s/ A. Lee Parks, Jr.
**A. Lee Parks, Jr.**
Georgia Bar No. 563750
Email: lparks@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, Suite 2600
Atlanta, GA 30309
Telephone: 404-873-8000
Fax: 404-873-8050

*Counsel for Plaintiff*

## **CERTIFICATE SERVICE**

I hereby certify that I have this day served a copy of the foregoing **AMENDED COMPLAINT** via U.S. mail and electronic mail on the following counsel of record:

Halima Horton White
Jamala McFadden
The Employment Law Solution
McFadden Davis, LLC
3100 Cumberland Blvd., Suite 1480
Atlanta, GA 30339
Email: hwhite@theemploymentlawsolution.com
Email:  jmcfadden@theemploymentlawsolution.com

Randolph Frails
Frails & Wilson
211 Pleasant Home Rd., Suite A-1
Augusta, GA 30907
Email:  randy_frails@frailswilsonlaw.com

This ____ day of _____, 2020.

/s/ A. Lee Parks, Jr.
**A. Lee Parks, Jr.**
Georgia Bar No. 563750
Email:  lparks@pcwlawfirm.com

*Counsel for Plaintiff*